

1  GREG GROENEVELD (Bar No: 163833)
   LAW OFFICES OF GREG GROENEVELD
2  220 Montgomery St. Suite 961
   San Francisco, CA 94104
3  (Mail: P.O. Box 455, San Francisco, CA 94104-0455)
   Telephone: (415) 308-3637
4  Facsimile: (415) 236-6080
   Email: Greg@GregGroeneveldLaw.com
5
   Attorney for Plaintiff
6  DR. SHEILA M. ADDISON, PhD.

7

8          UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10

11 DR. SHEILA M. ADDISON,                    Case No. **CV11 1105**

               Plaintiff,                    **PLAINTIFF SHELIA M. ADDISON'S**
12                                           **COMPLAINT FOR DAMAGES (WITH**
                                             **DEMAND FOR JURY TRIAL) AND FOR:**
13         vs.

14                                           1. **BREACH OF CONTRACT**
   JOHN F. KENNEDY UNIVERSITY, a non-        2. **BREACH OF IMPLIED**
15 profit corporation; NATIONAL UNIVERSITY      **COVENANT OF GOOD FAITH**
   SERVICES, LLC.; DR. STEVEN A.                **AND FAIR DEALING**
16 STARGARDTER, An Individual,              3. **UNFAIR BUSINESS PRACTICES**
   Defendants.                                  **(Bus. and Prof. Code § 17200, et. seq.)**
17                                           4. **FAILURE TO PAY WAGES (Cal.**
                                                **Labor Code §§ 201, 203, 227.3)**
18                                              **(Individual and representative**
                                                **claims)**
19                                           5. **TERMINATION FOR POLITICAL**
                                                **ACTIVITY IN VIOLATION OF**
20                                              **CALIFORNIA LABOR CODE §§**
                                                **1101, 1102**
21                                           6. **TERMINATION FOR**
                                                **EXERCISING RIGHTS IN**
22                                              **VIOLATION OF CALIFORNIA**
                                                **LABOR CODE § 98.6**
23                                           7. **SEX DISCRIMINATION (Title VII**
                                                **of the Civil Rights Act of the Civil**
24                                              **Rights Act of 1964, § 42 U.S.C.**
                                                **2000(e), as Amended)**
25                                           8. **HARASSMENT FOR FAILURE TO**
                                                **CONFORM TO GENDER**
26                                              **STEREOTYPES (Title VII of the**
                                                **Civil Rights Act of 1964, § 42 U.S.C.**
27                                              **2000(e)-2(a)(1), as Amended)**
                                             9. **SEX DISCRIMINATION (California**
28                                              **FEHA Gov. Code § 12940 et seq)**

                                     1
─────────────────────────────────────────────
           **PLAINTIFF SHEILA M. ADDISON'S COMPLAINT**

**10. HARASSMENT FOR FAILURE TO CONFORM TO GENDER STEREOTYPES (California FEHA Gov't Code § 12940 et seq)**
**11. FAILURE TO TAKE STEPS REASONABLY NECESSARY TO PREVENT HARASSMENT AND DISCRIMINATION(California FEHA Gov't Code § 12940 et seq)**
**12. TORTIOUS TERMINATION (In Violation of Public Policy)**
**13. DEFAMATION**
**14. INVASION OF PRIVACY (False Light)**
**15. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

Plaintiff alleges:

## JURISDICTION

1.     Jurisdiction in the U.S. District Court of the Northern District of California is proper pursuant to 42 U.S.C. § 2000(e) *et seq*, in that this is an action arising under Title VII of the Civil Rights Act of 1964. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## INTRADISTRICT ASSIGNMENT

2.     Pursuant to Civil L.R. 3-2(d), the acts and omissions that gave rise to this action took place in the counties of Alameda and Contra Costa; as such this case is suitable for assignment in the San Francisco or Oakland divisions.

## PARTIES

3.     At all times herein mentioned Plaintiff Sheila M. Addison, PhD. (Addison) was and is a resident of the County of Alameda, State of California.

4.     Plaintiff is informed and believes and thereon alleges that Defendant John F. Kennedy University (herein "JFKU") is a corporation incorporated in the state of Delaware and at all times mentioned in this complaint was authorized to operate by the State of California and was doing business in the Counties of Contra Costa and Alameda. JFKU's place of business was and is located at 100 Ellinwood Way, Pleasant Hill, CA 94523.

5.     At all times mentioned in this complaint, Defendant JFKU regularly employed five (5) or more persons, bringing defendant within the provisions of Gov. Code §§ 12900 et seq. prohibiting employers or their agents from discriminating against employees on the basis of

2

protected class including sex.

6. At all times mentioned in this complaint, Defendant JFKU engaged in an industry affecting commerce and employed a sufficient number of people to bring it and its agents within the ambit of federal anti-discrimination law including 42 U.S.C § 2000(e) *et seq.* prohibiting employers or their agents from discriminating against employees on the basis of protected class including sex.

7. Plaintiff is informed and believes and thereon alleges that Defendant National University Services. LLC (National) is organized in the state of Delaware and is authorized to operate by the State of California and authorized and does business in the Counties of Contra Costa and Alameda.

8. At all times mentioned in this complaint, Defendant National regularly employed five (5) or more persons. bringing Defendant within the provisions of Gov. Code §§ 12900 et seq. prohibiting employers or their agents from discriminating against employees on the basis of protected class including sex.

9. At all times mentioned in this complaint, Defendant National engaged in an industry affecting commerce and employed a sufficient number of people to bring it and its agents within the ambit of federal anti-discrimination law including 42 U.S.C § 2000(e) *et seq.* prohibiting employers or their agents from discriminating against employees on the basis of protected class including sex.

10. Plaintiff is informed and believes and thereon alleges in this complaint that National is an agent, affiliate, and/or the alter ego of Defendant JFKU. National publicly holds itself out as responsible for "identifying and making institutional acquisitions, coordinating the institutions, providing services to the institutions, and ultimately guiding the strategic direction of 'the System' and the institutions." There is a high interdependency of operations, a commonality between management, directors, and officers, a consolidation of finances and operations between Defendants National and JFKU.

11. Plaintiff is informed and believes and upon such information and belief alleges that Defendants, each of them. at all times herein mentioned were the agents, employees, servants, joint venturers. and/or co-conspirators of the remaining Defendants, and were acting in the course and scope of such agency, employment, representative, supervisor, independent contractor, joint venture, and/ or conspiracy; that Defendants, and each of them, were doing the things herein alleged, were the actual and/ or ostensible agents of the remaining Defendants and were acting

3

1   within the course and scope of said agency; and that each and every Defendant, as aforesaid,

2   when acting as a principal, was negligent in selecting, hiring, supervising and continuing the

3   employment of each and every Defendant as an agent, employee or joint venture; and/or that said

4   Defendants approved, supported, participated in, authorized, and/or ratified the acts and/or

5   omissions of said employees, agents, servants, representatives, independent contractors,

    conspirators, and/or joint venturers.

6   12.    Plaintiff is informed and believes and thereon alleges that Defendant Steven A.

7   Stargardter is and at all relevant times herein, was the President of JFKU and was in the direct

8   chain of command over Plaintiff. Defendant Stargardter is and at all relevant times herein, was

9   acting in his capacity as Plaintiff's direct Supervisor, and as such was responsible for maintaining

10  a workplace free from discrimination and/or harassment. However, Stargardter intentionally

11  failed to do so and was an active co-conspirator, along with each and every Defendant in the

    planning and execution of the unlawful workplace discrimination and/or retaliation perpetrated

12  against Plaintiff, as alleged herein. Defendant Stargardter was acting in his capacity as President

13  and Supervisor of Plaintiff, and therefore is subject to suit under Title VII and the Fair

14  Employment and Housing Act (herein "FEHA"). Stargardter was, at all times mentioned herein,

15  acting as a managing agent of JFKU and National.

16  13.    The acts and conduct of each and every Defendant as described herein, which were

17  intentional, discriminatory, harassing, and/ or retaliatory, were not a normal part of Plaintiff's

    employment and were not the result of a legitimate business necessity.

18                                          **FACTS**

19  14.    Plaintiff Addison first became employed by Defendants as a member of the Core Faculty

20  as an Assistant Professor on September 1, 2007. Initially, Dr. Addison was working under a

21  temporary one year contract.

22  15.    Addison entered into a 2-year employment contract with Defendant JFKU on July 1,

23  2008. That contract provided that Addison could only be terminated during the term of the

    contract for just cause.

24  16.    Under the terms of the contract between Addison and JFKU, the contract would be

25  automatically renewed through June 30, 2012 if it was not canceled by April 1, 2010. Neither

26  side canceled the contract by April 1, 2010, thus Addison's contract with JFKU was extended

27  through June of 2012. A true and correct copy of the contract is attached to this complaint as

28  Exhibit A and is incorporated by reference.

                                              4

17.     At all times during her employment with JFKU, Addison was fully qualified for her position and performed her job responsibilities competently and conscientiously having never received any negative performance evaluations.

18.     On June 21, 2010, Defendants terminated Plaintiff's employment in a letter signed by Stargardter, dated June 21, 2010, and effective June 30, 2010. Defendant Stargardter stated in that letter that he was terminating Addison's employment because of her performances in a burlesque show entitled "Hubba Hubba Revue." No other reason was given for Addison's termination.

19.     During and at all relevant times herein Dr. Addison was involved in a San Francisco based burlesque show, entitled "Hubba Hubba Revue," (herein "The Revue") which provides political and social commentary on gender, sexuality, and body image stereotypes. The Revue consists of vaudeville and burlesque skits that challenge gender roles and 'typical' body images while exploring the subversion of sexuality through performance art. Dr. Addison's performances have content related to human sexuality and feminist theory.

20.     Addison's never publicized her involvement in The Revue on campus or discussed it with students.

21.     Addison's university affiliation was never identified in her performances or its advertisements and she did not perform under her real name; she performed under a pseudonym.

22.     The stated and actual reasons for terminating Addison's employment did not constitute "good cause" or "just cause" under applicable California and federal law.

23.     During the period of time in which Dr. Addison was performing in the Hubba Hubba Revue a similarly situated male professor in another department was performing in a one-man play outside of the university which included disrobing and partial nudity on stage. This male professor had invited students and faculty to view his performances and advertised such performances on campus. However, the male professor was held to a different standard because of his gender and was not disciplined for his performance.

24.     Dr. Addison's termination on these grounds violates federal Title VII, the California Fair Employment and Housing Act, California Labor Code § 1102, and JFKU's own accreditation standards as required by the Western Administration of Schools and Colleges (herein "WASC") as it constitutes retaliation and discrimination based on gender, sexual orientation, and failure to conform to prescribed gender norms, as well as infringing upon Dr. Addison's right to engage in protected political activities pursuant to Cal. Labor Code § 1101 and § 1102.

5

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. On December 6, 2010, Dr. Addison filed a complaint with the Department of Fair Employment and Housing (DFEH) pursuant to California Fair Employment and Housing Act, Gov. Code § 12900 *et. seq.* alleging discrimination based on sex, sexual orientation, failing to conform to gender norms, and retaliation for engaging in protected activities, at which time DFEH issued a notice of case closure which constituted an immediate right to sue notice. A true and correct copy of the notice is attached to this complaint as Exhibit B and is incorporated by reference.

26. On December 10, 2010, Dr. Addison filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC) for discrimination based on sex and retaliation for engaging in a protected activity, at which time the EEOC issued an immediate right to sue notice. A true and correct copy of the notice is attached to this complaint as Exhibit C and is incorporated by reference.

27. Plaintiff has therefore exhausted all administrative remedies.

## LABOR CODE § 2698, *ET SEQ.*, PAGA CLAIMS

28. Plaintiff brings certain claims in this lawsuit on her own behalf and on behalf of all current and former employees of JFKU and/or National that were employed in California, four years before the date this action was filed to the present, who have been adversely affected by JFKU and/or National's practices which were illegal under California Labor Code § § 201, 203, 227.3, 1101, and, 1102.

29. On December 8, 2010, Plaintiff, pursuant to §§ 2699, et seq. of the California Labor Code, through Plaintiff's attorneys sent a letter via Certified Return Hand Receipt Requested to the Labor and Workforce Development Agency and to Defendants.

30. More than 33 days has elapsed since Plaintiff's above alleged letter. Plaintiff's counsel received a notice from the Labor and Workforce Development Agency stating its intention not to prosecute Plaintiff's PAGA claims. A true and correct copy of that letter is attached as exhibit D and incorporated by reference.

31. Plaintiff has complied with the administrative exhaustion requirements of PAGA. (See Waisbein v. UBS Financial Services, Inc., 2008 U.S. Dist. 2008 WL 753896 ,1 (N.D. Cal. March 19, 2008); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1199, 1200, 78 Cal. Rptr. 3d 572 (2008).

6

# FIRST CAUSE OF ACTION

## (Breach of Contract)
## (Against JFKU and National)

32.     Plaintiff realleges and incorporates by reference paragraphs 1 through 31 of this complaint.

33.     Addison's contract with JFKU provided that she could only be terminated for "just cause."

34.     At the time of her termination, there was no reason which constituted "just cause" for JFKU's termination of Addison.

35.     Throughout her employment with JFKU, Addison has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the employment contract.

36.     Defendant JFKU holds itself out to its faculty, including Addison, students and the general public as adhering to the accreditation standards required by the Western Association of Schools and Colleges ("WASC").

37.     WASC Handbook of Accreditation requires accredited institutions to maintain "a widely disseminated written policy statement of commitment to academic freedom in teaching, leaning, research, publication, and oral presentation."

38.     JFKU published such a policy as required by the WASC, but violated that policy in its termination of Addison.

39.     WASC and the American Psychological Association (APA) both require JFKU to commit to and post statements expressing its commitment as an institution to diversity.

40.     JFKU posted a policy stating that it had committed to, *inter alia*:

   a.     "An ongoing practice of openness and respect for people with experiences, beliefs, and traditions different from our own;

   b.     An understanding that diverse cultural backgrounds, life experiences, challenges, and values of faculty, students, staff, and administrators creates a dynamic learning community vital for academic excellence;

   c.     A recognition that, in alignment with our commitment to academic excellence, openness to difference exposes students and faculty to broader perspectives, fosters deeper critical analysis, and opens new vistas for scholarly inquiry . . . ."

41.     Addison had the right to expect JFKU to adhere to the WASC and APA standards and its own stated policies in interpreting what constituted "just cause" for termination of her

7

1 employment contract and in its treatment of her as a faculty member. Defendants' termination of
2 Dr. Addison contravenes these required principles and standards.

3 42. As a direct and proximate cause of Defendants' breach of contract, Plaintiff has and
4 continues to suffer actual damages, including but not limited to, lost wages, benefits, and
5 contributions for retirement, cost of job search, and cost of continuing education no longer funded
by the University.

6 ### SECOND CAUSE OF ACTION

7 ### (Breach of Implied Covenant of Good Faith and Fair Dealing)
8 ### (Against JFKU and National)

9 43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 of this
10 complaint.

11 44. A contract existed between Defendant JFKU and Plaintiff. Inherent in contractual
12 relationships is a covenant of good faith and fair dealing, which implies, *inter alia*, (a) each party
in the relationship must act with good faith toward the other concerning all matters related to the
13 employment; (b) each party in the relationship must act with fairness toward the other concerning
14 all matters related to the employment; (c) neither party would take any action to unfairly prevent
15 the other from obtaining the benefits of the employment relationship; (d) Defendant employer
16 would similarly treat employees who are similarly situated; (e) Defendant employer would
17 comply with its own representations, rules, policies, and procedures in dealing with Plaintiff;
18 (f) Defendant employer would not terminate Plaintiff without a fair and honest cause, regulated
19 by good faith on defendant employer's part; (g) Defendant employer would not terminate Plaintiff
in an unfair manner; and (h) Defendant employer would give Plaintiff's interests as much
20 consideration as it gave its own interests.

21 45. JFKU's termination of Addison breached this covenant in that, *inter alia*, it was not done
22 in good faith, was unfair to Addison and treated her differently from other similarly situated
23 employees, prevented Addison from obtaining the benefits of the employment relationship, failed
24 to comply with JFKU's own representations, rules, policies, and procedures in dealing with
25 Addison, failed to give any consideration to Addison's interests, and in other ways set forth
herein.

26 46. As a direct and proximate cause of Defendants' breaches, Plaintiff has and continues to
27 suffer actual damages, including but not limited to, lost wages, benefits, contributions for
28 retirement, cost of job search, and cost of continuing education no longer funded by JFKU.

8

1

## THIRD CAUSE OF ACTION

2

**(Unfair Business Practices in Violation of Business and Professions Code § 17200 et. seq.)**
**(Against All Defendants)**

3

4   47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46 of this

5   complaint.

6   48.     Defendants have followed and continue to follow the unlawful and unfair business
    practice of disparate treatment of similarly situated male and female faculty.

7
    49.     Defendants have followed and continue to follow the unlawful and unfair business

8   practice of holding out to employees, potential employees, accreditation agencies, students, and

9   potential students that they adhere to the standards required by the Western Association of

10  Schools and Colleges ("WASC"). Defendants' termination of Dr. Addison was in direct violation

11  of WASC standards which constituted unfair competition with other WASC accredited colleges

12  and universities who adhere to WASC standards.

    50.     Defendants have followed and continue to follow the unlawful and unfair business
13
    practice of failing to compensate employees for unused accrued vacation time in violation of Cal.
14  Labor Code § 227.3. Defendants have been unjustly enriched by this practice as they are able to

15  retain earned wages owed to their employees.

16  51.     Defendants JFKU and National have profited from the unfair business policies set forth

17  above.

    52.     The foregoing unfair business practices offend the policies of the State of California and
18
    the United States and have caused substantial harm to California consumers and to competitors.
19
    53.     As a direct and proximate result of Defendants' unfair and deceptive business practices,
20  Plaintiff has been injured. By reason of the foregoing, Defendants have been unjustly enriched

21  and should be required to disgorge their illicit profits and/ or make restitution to Plaintiff and

22  other California consumers who have been harmed and/ or should be enjoined from continuing

23  such practices in violation of Cal. Bus. Code § 17203 and § 17204. Additionally, Plaintiff is

24  entitled to injunctive relief and attorneys fees as available under Cal. Bus. Code § 17200, and

25  related sections.

26  ///

27  ///

28

9

1

## FOURTH CAUSE OF ACTION

2

### (Individual and Representative Claims via Labor Code § 2698, et seq. for Violations of California Labor Code §§ 201, 203, 227.3)
### (Against Defendants JFKU and National)

3

4    54.    Plaintiff realleges and incorporates by reference paragraphs 1 through 53 of this

5    complaint.

6    55.    Pursuant to Cal. Labor Code § 201, "If an employer discharges an employee, the wages

7    earned and unpaid at the time of discharge are due and payable immediately."

8    56.    Defendants violated Cal. Labor Code § 201 when they failed to provide Dr. Addison with

her final pay immediately upon her termination. Full payment has still not been made in

9    accordance with Cal. Labor Code § 201, in that, when payment arrived at a later date the payment

10   did not include unpaid vacation wages which were due and owing.

11   57.    Cal. Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay,

12   without abatement or reduction, ... any wages of an employee who is discharged or who quits, the

13   wages of the employee shall continue as a penalty from the due date thereof at the same rate until

14   paid or until an action therefore is commenced; but the wages shall not continue for more than 30

days. ..."

15

16   58.    Cal. Labor Code § 227.3 provides, in pertinent part: "Unless otherwise provided by a

collective-bargaining agreement, whenever a contract of employment or employer policy

17   provides for paid vacations, and an employee is terminated without having taken off his vested

18   vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance

19   with such contract of employment or employer policy respecting eligibility or time served;

20   provided, however, that an employment contract or employer policy shall not provide for

forfeiture of vested vacation time upon termination."

21

59.    Plaintiff is informed and believes and based thereon alleges that others have suffered from

22   similar improper treatment.

23   60.    Plaintiff prays for individual relief and is entitled to wages due, interest, and liquidated

24   damages pursuant to Cal. Labor Code § 201, 203, 227.3 and any other relevant provisions.

25   61.    Also, pursuant to the Private Attorneys General Act (herein "PAGA"), Plaintiff makes a

26   claim for civil penalties on behalf of herself and others similarly situated and is entitled to

27   attorneys fees and costs.

/ / /

28

10

## FIFTH CAUSE OF ACTION

**(Individual and Representative Claims via Labor Code § 2698, et seq. for Violations of California Labor Code §§ 1101, 1102)**
**(Against Defendants JFKU and National)**

62.     Plaintiff realleges and incorporates by reference paragraphs 1 through 61 of this complaint.

63.     Addison's performance in the Hubba Hubba Revue constitutes political speech and communication under California and federal law.

64.     California Labor Code § 1101 provides that:

"No employer shall make, adopt, or enforce any rule, regulation, or policy:

(a) Forbidding or preventing employees from engaging or participating in politics or from becoming candidates for public office.

(b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees."

65.     Defendants violated Cal. Labor Code § 1101, when they terminated Dr. Addison for her political speech.

66.     Cal. Labor Code § 1102 provides that:

"No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."

67.     Defendants violated Cal. Labor Code § 1102, when they terminated Dr. Addison for her political speech.

68.     As a direct and proximate cause of Defendants' violation of these chapters of the California Labor Code, Plaintiff has and continues to suffer actual damages, including but not limited to, lost wages, interest, benefits, and contributions for retirement, cost of job search, and cost of continuing education no longer funded by the University.

69.     Plaintiff is informed and believes and based thereon alleges that others have suffered from similar improper treatment.

70.     Also, pursuant to the Labor Code § 2698, Plaintiff makes a claim for civil penalties on behalf of herself and others similarly situated and is entitled to attorneys fees and costs.

///

11

1

## SIXTH CAUSE OF ACTION

2

### (Claim for Violations of California Labor Code § 98.6)
### (Against Defendants JFKU and National)

3

4   71.   Plaintiff realleges and incorporates by reference paragraphs 1 through 70 of this

5   complaint.

6   72.   Addison's performance in the Hubba Hubba Revue constitutes political speech and

7   communication under California and federal law.

73.   California Labor Code § 98.6 provides, *inter alia* that:

8
9   "(a) No person shall discharge an employee or in any manner discriminate against any
    employee or applicant for employment because . . . because of the exercise by the
    employee or applicant for employment on behalf of himself, herself, or others of any
10  rights afforded him or her.

11  (b) Any employee who is discharged, threatened with discharge, demoted, suspended, or
    in any other manner discriminated against in the terms and conditions of his or her
12  employment because the employee engaged in any conduct delineated in this chapter, . . .
    shall be entitled to reinstatement and reimbursement for lost wages and work benefits
13  caused by those acts of the employer. Any employer who willfully refuses to hire,
    promote, or otherwise restore an employee or former employee who has been determined
14  to be eligible for rehiring or promotion by a grievance procedure, arbitration, or hearing
    authorized by law, is guilty of a misdemeanor."

15  74.   Addison's performance in the Hubba Hubba Revue constitutes a right afforded her within

16  the meaning of California Labor Code § 98.6.

17  75.   Defendants JFKU and National violated Cal. Labor Code § 98.6, when they terminated

18  Dr. Addison for her performance in the Hubba Hubba Revue.

19  76.   As a direct and proximate cause of Defendants' violation of California Labor Code § 98.6,

    Plaintiff has and continues to suffer actual damages, including but not limited to, lost wages,
20
    interest, benefits, and contributions for retirement, cost of job search, and cost of continuing
21
    education no longer funded by the University.

22                              ## SEVENTH CAUSE OF ACTION

23                                  ### SEX DISCRIMINATION

24              ### (In Violation of Title VII of the Civil Rights Act of 1964,
                        ### § 42 U.S.C. 2000(e) *et seq*, as Amended)
25                          ### (Against Defendants JFKU and National)

26
    77.   Plaintiff realleges and incorporates by reference paragraphs 1 through 76 of this
27
    complaint.

28  78.   Dr. Addison believes and herein alleges that the decision to terminate her employment

                                              12

1    with JFKU was motivated by her sex.

2    79.    A similarly situated male employee who engaged in substantially similar performances to
3    those which were the stated basis for JFKU's termination of Addison was never been disciplined
4    by Defendants for his involvement in such activities.

5    80.    Addison's performances in the Hubba Hubba Revue were designed to challenge
     traditional views of the role of women.

6    81.    Addison believes and herein alleges that the decision to terminate her employment with
7    JFKU was motivated by her failure to conform to stereotype for her gender.

8    82.    Defendants' discrimination based on sex against Addison is in violation of Title VII of the
9    Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1), as amended.

10   83.    As a direct, foreseeable and proximate result of Defendants' willful, knowing, and
     intentional discrimination against Plaintiff, she has sustained and continues to sustain substantial
11   losses in earnings and job benefits.

12   84.    As a direct, foreseeable and proximate result of Defendants' willful, knowing, and
13   intentional discrimination against Plaintiff, she has sustained and continues to suffer humiliation,
14   embarrassment, mental anguish, and emotional distress and discomfort according to proof.

15   85.    Defendants and each of them, have committed the acts herein alleged maliciously and
16   oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional
17   motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly,
     Plaintiff prays for punitive damages according to proof.

18   86.    Plaintiff is entitled to attorneys fees and costs pursuant to 42 U.S.C. § 2000(e) *et. seq.*

19                             **EIGHTH CAUSE OF ACTION**

20          **HARASSMENT FOR FAILURE TO CONFORM TO GENDER NORMS**

21                  **(In Violation of Title VII of the Civil Rights Act of 1964,**
                        **§ 42 U.S.C. 2000(e)-2(a)(1), as Amended)**
22                        **(Against Defendants JFKU and National)**

23   87.    Plaintiff realleges and incorporates by reference paragraphs 1 through 86 of this
24   complaint.

25   88.    Defendants' claim that Dr. Addison's involvement with the Hubba Hubba Revue brought
26   "public disrespect, contempt, and ridicule to the university" evidences the University's disgust for
27   a woman performing in politically, socially, and sexually based performance art.

28   89.    Defendants terminated Addison's employment based on her performance in the Hubba
     Hubba Revue.

                                          13

90.     Addison believes and herein alleges that the decision to terminate her employment with JFKU was motivated by her failure to conform to stereotype for her gender.

91.     Defendants' conduct constitutes harassment based on the protected category of sex as it is based on Addison's failure to conform her conduct to the stereotypes for her gender.

92.     As a direct, foreseeable and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and job benefits.

93.     As a direct, foreseeable and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, she has sustained and continues to suffer humiliation, embarrassment, mental anguish, and emotional distress and discomfort according to proof.

94.     Defendants and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights.  Accordingly, Plaintiff prays for punitive damages according to proof.

95.     Plaintiff is entitled to attorneys fees and costs pursuant to 42 U.S.C. § 2000(e) *et. seq.*

## NINTH CAUSE OF ACTION

## SEX DISCRIMINATION

### (Fair Employment and Housing Act Government Code § 12940 *et seq.*) (Against Defendants JFKU and National)

96.     Plaintiff realleges and incorporates by reference paragraphs 1 through 95 of this complaint.

97.     Government Code § 12940(a) prohibits an employer from discriminating against and/or harassing a person on the basis of their sex or sexual orientation.

98.     Defendants were at all relevant times employers within the meaning of Cal. Gov. Code § 12926(d), and as such, are barred from discriminating against an employee on the basis of their sex or sexual orientation as set forth in Cal. Gov Code § 12940(a).

99.     Defendants and each of them, failed to comply with their statutory duty to take reasonable steps necessary to prevent discrimination due to sex, from occurring in the workplace and to prevent it from occurring in the future in violation of Cal. Gov. Code § 12940(k).

100.    Defendants, by the acts set forth above, discriminated against Plaintiff in the terms and conditions of her employment, and fired her based on unlawful considerations of her gender, in violation of Cal. Gov. Code § 12940, and related sections.

14

1   101.    As a direct, foreseeable and proximate result of Defendants' willful, knowing, and

2   intentional discrimination against Plaintiff, she has sustained and continues to suffer humiliation,

3   embarrassment, mental anguish, and emotional distress and discomfort according to proof.

4   102.    Defendants and each of them, have committed the acts herein alleged maliciously and

5   oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional
    motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly,

6   Plaintiff prays for punitive damages according to proof.

7   103.    Plaintiff is entitled to attorneys fees and costs pursuant to Cal. Gov. Code § 12965(b).

8                                   **TENTH CAUSE OF ACTION**

9          **HARASSMENT FOR FAILURE TO CONFORM TO GENDER NORMS**

10         **(Fair Employment and Housing Act Government Code § 12940 *et seq.*)**
                                   **(Against All Defendants)**

11  104.    Plaintiff realleges and incorporates by reference paragraphs 1 through 103 of this

12  complaint.

13  105.    Defendants' claim that Dr. Addison's involvement with the Hubba Hubba Revue brought

14  "public disrespect, contempt, and ridicule to the university" evidences the University's disgust for

15  a woman performing in politically, socially, and sexually based performance art.

16  106.    Defendants terminated Addison's employment based on her performance in the Hubba
    Hubba Revue.

17
    107.    Defendants' conduct constitutes harassment based on the protected category of sex as it is

18  based on Addison's failure to conform her conduct to the stereotypes for her gender.

19  108.    As a direct, foreseeable and proximate result of Defendants' willful, knowing, and

20  intentional discrimination against Plaintiff, she has sustained and continues to sustain substantial

21  losses in earnings and job benefits.

22  109.    As a direct, foreseeable and proximate result of Defendants' willful, knowing, and

23  intentional discrimination against Plaintiff, she has sustained and continues to suffer humiliation,
    embarrassment, mental anguish, and emotional distress and discomfort according to proof.

24  110.    Defendants and each of them, have committed the acts herein alleged maliciously and

25  oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional

26  motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly,

27  Plaintiff prays for punitive damages according to proof.

28  111.    Plaintiff is entitled to attorneys fees and costs pursuant to Cal. Gov. Code § 12965(b).

                                            15

## ELEVENTH CAUSE OF ACTION
## FAILURE TO TAKE STEPS REASONABLY NECESSARY TO
## PREVENT HARASSMENT AND DISCRIMINATION
### (Fair Employment and Housing Act Government Code § 12940, subdivisions (j) and (k)) (Against All Defendants)

112.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 111 of this complaint.

113.    Defendants and each of them, failed to comply with their statutory duty to take reasonable steps necessary to prevent discrimination due to sex, from occurring in the workplace and to prevent it from occurring in the future in violation of Cal. Gov. Code § 12940(k).

114.    Plaintiff is informed and believes and thereon alleges that such failure to act and violation of FEHA caused Plaintiff to be harassed and discriminated against, as alleged above.

115.    As a direct, foreseeable and proximate result of Defendants' willful, knowing, and intentional violation of FEHA against Plaintiff, she has sustained and continues to suffer humiliation, embarrassment, mental anguish, and emotional distress and discomfort according to proof.

116.    Defendants and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff prays for punitive damages according to proof.

117.    Plaintiff is entitled to attorneys fees and costs pursuant to Cal. Gov. Code § 12965(b).

## TWELFTH CAUSE OF ACTION
### (Tortious Termination in Violation of Public Policy) (Against Defendants JFKU and National)

118.    Plaintiff realleges and incorporates by reference paragraphs 1 through 117 of this complaint.

119.    Plaintiff's termination was in violation of fundamental public policies of the state of California, to wit, the right to engage in protected political activities pursuant to Cal. Labor Code § 1101 and § 1102.

120.    Dr. Addison's termination was in violation of fundamental public policies of the state of California, to wit, the right to be free of discrimination and/ or harassment on the basis of her sex.

16

121.    As a result of the wrongful conduct of Defendants and each of them, Plaintiff has suffered damages, including but not limited to lost wages, interest, benefits, contributions for retirement, damage to future employment, emotional distress, cost of job search, and cost of continuing education no longer funded by the University.

122.    In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

### THIRTEENTH CAUSE OF ACTION

**(Defamation)**
**(Against All Defendants)**

123.    Plaintiff realleges and incorporates by reference paragraphs 1 through 122 of this complaint.

124.    Defendants defamed Dr. Addison by publishing statements to students and faculty accusing her of bringing "public disrespect, contempt, and ridicule to the university as a result" of her performances with The Hubba Hubba Revue.  In a correspondence to Dr. Addison, and other faculty, Defendants claim Dr. Addison's students had "lost respect for her as an instructor in a program that requires rapport between the student and instructor."  Defendants further published that Dr. Addison "should be aware that word concerning the videos [of her performances] spread rapidly among students" and that the students were "shocked and dismayed when they saw the videos of her performances at the Hubba Hubba Revue."

125.    Defendants claim Dr. Addison's politically based performances "materially harmed" the University and that "termination of her employment was the only reasonable alternative" and that this "was not a situation in which a warning followed by modification of behavior would be appropriate....the damage had already occurred."

126.    Plaintiff is informed and believes and based thereon alleges that Defendants have published these statements widely to JFKU and to the broader academic community.

127.    As a direct and proximate result of Defendants' conduct, Dr. Addison has been damaged in her professional and personal reputation, and has suffered economic loss as well as mental anguish and emotional distress.

128.    Defendants' conduct was willful and intentional and done for the purpose of belittling Dr. Addison and depriving her of her reputation, dignity, property, and, legal rights.  Defendants' conduct was despicable and subjected Dr. Addison to cruel and unjust hardship in conscious

17

1  disregard of her rights, so as to justify an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION

### (False Light Invasion of Privacy)
### (Against All Defendants)

129.    Plaintiff realleges and incorporates by reference paragraphs 1 through 128 of this complaint.

130.    Defendants, through the above described published materials, gave publicity to matters concerning Plaintiff that unreasonably placed her in a false light and violates her right to privacy.

131.    The false light in which Dr. Addison has been placed would be highly offensive to a reasonable person.

132.    Defendants acted with reckless disregard for the true nature of Dr. Addison's politically-based performances with the Hubba Hubba Revue and chastised her "behavior" to students and faculty. Defendants claim Dr. Addison brought "public disrespect, contempt, and ridicule to the university as a result" of her performances with The Hubba Hubba Revue.

133.    Plaintiff is informed and believes and based thereon alleges that Defendants have published these statements widely to JFKU and to the broader academic community.

134.    While neither the University nor its administrators may subscribe to the political message behind Dr. Addison's performances or the Revue's avant-garde nature, mere disagreement or discomfort is not a sufficient basis for the public contempt and false light in which Defendants have portrayed Dr. Addison, her political performances, and the Hubba Hubba Revue.

135.    Defendants have failed to provide Dr. Addison with any explanation of how her performances with The Revue harmed the university or impacted her credibility with students; as such these claims are tenuous and unsupported.

136.    As a direct and proximate result of Defendants' conduct, Dr. Addison has been damaged in her professional and personal reputation, and has suffered economic loss as well as mental anguish and emotional distress.

137.    Defendants' conduct was willful and intentional and done for the purpose of belittling Dr. Addison and depriving her of her reputation, dignity, property, and, legal rights. Defendants' conduct was despicable and subjected Dr. Addison to cruel and unjust hardship in conscious disregard of her rights, so as to justify an award of punitive damages.

/ / /

/ / /

18

## FIFTEENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

138.   Plaintiff realleges and incorporates by reference paragraphs 1 through 137 of this complaint.

139.   Defendants intentionally treated Dr. Addison in an extreme and outrageous manner by demeaning her for her involvement in politically-based performance art. Defendants had no legitimate business purpose for this degrading and/ or humiliating treatment.

140.   Defendants, knowingly and intentionally, publically degraded, embarrassed, and humiliated Dr. Addison amongst administrators, faculty, and students.

141.   As a direct and proximate cause of Defendants' intentional misconduct Dr. Addison experienced severe emotional distress.

142.   The actions of Defendants and each of them, as set forth herein, were outrageous and severe and were calculated to lead to the degradation, embarrassment, humiliation, and mental anguish of Plaintiff.

143.   Defendants and each of them abused their special positions as Plaintiff's employers, supervisors, managing agents, and directors.

144.   As a direct and proximate result of Defendants' conduct, Dr. Addison has suffered and continues to suffer loss of income and benefits, emotional distress, embarrassment, humiliation, and mental anguish and severe injury to her professional and personal reputation.

145.   In doing the acts herein alleged, Defendants, and each of them, acted willfully, oppressively, maliciously, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For back pay, according to proof along with compensation for all lost benefits;
2. For front pay, according to proof along with compensation for all lost benefits;
3. For other compensatory damages;
4. For payment of all statutory obligations and penalties as required by law including those recoverable for Plaintiff and others under the Private Attorney General's Act;
5. For interest provided by law including, but not limited to, California Civil Code § 3291;
6. For restitution and other equitable relief;
7. For punitive damages;

19

8. For statutory attorneys fees and costs; and
9. Such other relief as the Court deems proper.

**Dated: March 8, 2011**

_____
GREG GROENEVELD
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**Dated: March 8, 2011**

_____
GREG GROENEVELD
Attorney for Plaintiff

20

**VERIFICATION OF COMPLAINT**

I, Sheila M. Addison, a citizen of the United States and resident of the State of California, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Executed this ☒ day of March, 2011, at Oakland, California.

SHEILA M. ADDISON
Plaintiff

21

# Exhibit A



**JOHN F. KENNEDY UNIVERSITY**

TRANSFORMING LIVES, CHANGING THE WORLD

April 10, 2008

Dear Assistant Professor, Sheila M Addison,

As you are aware, we are moving to a two part contract for core faculty.
1. a base contract with the university establishing your faculty rank, basic responsibilities of core faculty and the university, and a rolling term of employment.
1. an annual statement of duties which details your assignments, reassigned time and specific responsibilities and goals related to your position and your individual assignments and commitments.

Included with this email is your first draft of your base contract with the university. Please review it, retain a copy for your own files, and indicate your **acceptance of the terms and conditions stated herein by replying affirmatively to this email no later than May 1.** Should you have questions prior to signing your contract, please feel free to contact Paula Swain or me.

Your dean/program chair/director will be working with you on the elements of your assignment for 2008/09 by completing the Annual Addendum. This online form completes your contract and is to be submitted to HR no later than **June 1**.

Sheila, we appreciate the energy and commitment you demonstrate in your work with our students and your ongoing support for the university. Thank you for all your good work this year and we look forward to working with you during future academic years.

Diana Paque, DPA
Provost
Office of Academic Affairs

cc:     Dean W. Parham
        G. Kinsely Dame

ROLLING HORIZON EMPLOYMENT CONTRACT
Sheila M Addison, Assistant Professor
CORE FACULTY
JOHN F. KENNEDY UNIVERSITY
JULY 1, 2008

This Agreement is made and entered into on this 1st day of July, 2008, by and between John F. Kennedy University (the "University" or "JFKU"), a non-profit corporation organized under the laws of the State of California with offices at 100 Ellinwood Way, Pleasant Hill, California, and Sheila M Addison ("Employee" or the "Core Faculty Member"), currently residing at 40 Moss Ave #303, Oakland, CA 94610.

**The intention of this contract is to acknowledge faculty value and contribution by providing the security of a two year rolling contract.**

## ARTICLE 1. APPOINTMENT AS CORE FACULTY MEMBER

The University appoints and employs Employee as Core Faculty at the rank of Assistant Professor and assigned to the Graduate School of Professional Psychology of John F. Kennedy University ("Core Faculty Member") under the policies, supervision, and direction of the Board of Regents ("Board") commencing July 1, 2008.

## ARTICLE 2. TERM OF EMPLOYMENT

Section 2.01 Specified Period. Upon hire, JFKU Employee accepts employment with JFKU for an introductory time period of one year, at the end of which time his/her performance will be evaluated. Upon successful completion of the first year period, and recommendation by the School's Dean, Employee accepts employment with JFKU for a two (2) year rolling contract period. Employment beyond the introductory period is not guaranteed if reason for termination arises during that time.

Section 2.02. Rolling Contract. Every year this Agreement shall be renewed annually and automatically for succeeding terms of two (2) years each, unless either party gives notice to the other 90 days prior to the end of the fiscal year of the Employee's or Employer's intention not to renew, in which case the contract will expire at the end of the current 2 year contract period.

Section 2.03. "Employment Term" Defined. "Employment term" refers to the entire period of employment of Employee by JFKU, whether for the periods provided above, or whether terminated earlier as hereinafter provided or extended by mutual agreement between JFKU and Employee.

## ARTICLE 3. DUTIES AND OBLIGATIONS OF EMPLOYEE

Section 3.01. General Duties. The Core Faculty Member agrees to faithfully and industriously and with maximum application of experience, ability, and talent, devote attention and energies to his/her duties as Core Faculty Member. In keeping with the description of Core Faculty duties in the Faculty Employee Handbook , and the Core Faculty PAR Guidebook (under Section II Core Faculty Duties), and JFKU's Instructor Guide, the Core Faculty Member shall perform all duties required by law, by this Agreement, and by custom and practice, to be performed by a Core Faculty Member, including, but not limited to:

(1) Teaching assigned course load with competence, integrity, and current knowledge of field and teaching methods and practices appropriate to discipline;

(2) Participating in the continuous improvement of his/her program, including curriculum and program review, syllabus revision and other practices consistent with assessing and maintaining the quality of the program(s) in which s/he teaches;

(3) Interacting with currently-matriculated students to ensure their successful work and completion of their educational objectives;

(4) Participating in recruitment events for his/her school and program, including information sessions, open houses and other events specific to his/her program;

(5) Attending and participating in regular core faculty meetings, program meetings and school-wide community meetings;

(6) Participating in Commencement and graduation-related events both within his/her school and on a university level

(7) Undertaking continuing professional development (which may include research) consistent with maintaining currency in his/her discipline; and

(8) Participating in school and/or university governance.

Section 3.02. Annual Assignment of Duties. On an annual basis, the University will prepare an addendum to this contract that specifies the annual assignment, compensation level, reassigned and release time and other specific requirements of the Core Faculty Member. The Program Chair/Director/Dean will collaborate with the Core Faculty Member concerning the specifics of the assignment. Each annual addendum will supersede any previous specific assignment of duties, and with this employment contract, will constitute the total of the Agreement between the Core Faculty member and the University. Adjunct teaching is to be above and beyond the expected Core Faculty workload and on-site time and cannot exceed 25% of your FTE current existing salary during the contracted year.

Section 3.03. Consistent with University policy and law, the Core Faculty Member may engage in providing services of a professional nature to individuals, institutions, or firms. The Core Faculty Member shall not engage in any activity that may be adverse to the interests of the University.

Section 3.04. The Core Faculty Member may also, consistent with University policy and law, serve on boards of business entities, whether nonprofit or for profit. Due to issues of conflicts of interest, and to assure that the University is in compliance with University policy and law, the Core Faculty Member shall seek and obtain the consultation of the Dean, if needed, to resolve any questions of conflict of interest that may be noted.

Section 3.05. Proprietary and Confidential Information. Employee agrees that during and after employment with the University, Employee will not directly or indirectly disclose to or use for the benefit of anyone other than the University any of the University's confidential or proprietary information to which Employee had access, or that Employee learned or that originated while Employee was employed by the University. This clause excludes materials and information protected under the Faculty Senate's intellectual property rights policy.

Section 3.06. The Core Faculty Member shall abide by all Board and University policies as applicable.

## ARTICLE 4. COMPENSATION OF EMPLOYEE.

Section 4.01 Annual Salary. According to the terms set in the Annual Addendum, the Core Faculty Member will be compensated at the rate specified and in alignment with the school's rank and salary schedule. The Core

Faculty Member's salary shall be payable in installments at such regular intervals as the University is then using for the payment of salaries.

## ARTICLE 5. EMPLOYEE BENEFITS.

Section 5.01. The Core Faculty Member shall be eligible during employment for all employee benefits for which regular University academic employees are eligible pursuant to JFKU's Faculty Employee Handbook, whether such benefits are now in effect or hereafter adopted, including, without limiting the generality of foregoing, the following:

(1) Retirement plans;
(2) Medical and dental insurance;
(3) Life and disability insurance; and
(4) Tuition waiver.

Section 5.02. All benefits shall be provided and available to the extent allowed by University policy. The Core Faculty Member shall also be eligible under all other benefit arrangements available to Core Faculty of the University during the term of his/her employment, and any other perquisites ('perks') approved by the Board.

Section 5.03. Annual Time Off with Pay. Employee shall be entitled to four calendar weeks time off with pay throughout the year. This time is not accrued, does not carry over, and is not paid out upon separation of employment at JFKU. While generally taken during quarter/semester breaks, time off may be taken as coordinated with your school's program Chair/Director/Dean. Employee may be absent from his/her employment for vacation only at such times as Employer's Program Chair/Director/Dean shall reasonably determine.

Section 5.04. Paid Holidays. Employee is entitled to the standard paid holidays outlined in JFKU's employee handbook, which includes the Winter Holiday break December 25 through New Year's Day.

Section 5.05. Medical, Dental, and Other Insurance Coverage. Employer agrees to include Employee in its insurance coverage plan. JFKU maintains a flexible benefit plan under Section 125 of the Internal Revenue Code pursuant to which JKFU contributes a specified amount towards premiums for medical insurance, dental insurance, and other approved benefits, as elected by Employee; or, JFKU provides the option of taking this benefit as taxable income.

## ARTICLE 6. REIMBURSEMENT OF BUSINESS EXPENSES

Section 6.01. Expenses. Employer shall reimburse Employee for all reasonable business expenses incurred by Employee in connection with the business of Employer in accordance with University policy. Each such expenditure shall be reimbursable only if Employee furnishes to Employer adequate records and other documentary evidence required by federal and state statutes and regulations issued by the appropriate taxing authorities for the substantiation of each such expenditure as an income tax deduction. Requests for reimbursement should be submitted in the quarter in which they occurred.

Section 6.02. The Dean and Program Chair will periodically review the Core Faculty Member's expenses.

## ARTICLE 7. EVALUATION

Section 7.01. The Program Chair/Director, in coordination with the Dean, will have an evaluation of the Core Faculty Member's performance and will have periodic discussions with him/her concerning his/her objectives and accomplishments. Formal evaluations are conducted in accordance with JFKU's Core Faculty PAR (Performance Appraisal and Reward) process.

## ARTICLE 8. TERMINATION.

Section 8.01. Just Cause: The University may terminate this Agreement under just cause set forth in Article 9 of this Agreement by giving written notice to the Core Faculty Member, at which time on the date specified in the notice his/her appointment as Core Faculty Member shall end. JFKU reserves the right to terminate programs or cancel course offerings at its sole discretion.

Section 8.02. Resignation: Core Faculty Member may resign at any time on a date specified, providing at least ninety (90) days written notice to the University. In such event, the Core Faculty Member will forfeit all salary and benefits remaining in the then existing term of this Agreement. The Core Faculty Member shall be responsible for aiding and cooperating in any transition to the extent requested by the Dean, Board or the University President.

## ARTICLE 9. EXCEPTION TO SALARY CONTINUATION.

Section 9.01. Notwithstanding any language in this Agreement to the contrary, no payment shall be made to the Core Faculty Member if the Dean notifies the Core Faculty Member that the University is terminating this Agreement for just cause, which in addition to any of its other normally understood meanings in employment contracts, shall include the following:

(1) Deliberate, serious, or willful breach of duties required to be performed under the terms of this Agreement.

(2) Habitual neglect of duties required to be performed under the terms of this Agreement.

(3) Refusal or unwillingness to perform such duties in good faith.

(4) Conduct of the Core Faculty Member including but not limited to acts of dishonesty, fraud, misrepresentation, or acts that would tend to bring public disrespect, contempt, or ridicule on the University.

(5) Intentional or serious violation of any law, rule, regulation, constitutional provision, of the University or local, state or federal law, which violation may reflect adversely upon the University in the sole judgment of the Board.

## ARTICLE 10. GENERAL PROVISIONS

Section 10.01. Notices. Any notices to be given hereunder by either party to the other shall be in writing and may be transmitted by personal delivery or by mail, registered or certified, postage prepaid with return receipt requested. Mailed notices shall be addressed to the parties at the addresses appearing in the introductory paragraph of this Agreement, but each party may change that address by written notice in accordance with this section. Notices delivered personally shall be deemed communicated as of the date of actual receipt; mailed notices shall be deemed communicated as of the date of mailing.

Section 10.02. Faculty Grievance Procedure. A grievance proceeding is a proceeding that may be initiated by a current or former faculty member who feels that they were directly wronged with regard to any rights relating to employment, including, but not limited to, salary, benefits, evaluation, advancement, discharge, academic freedom, and grading of students.

Core Faculty Members may refer to the grievance procedure as stated within JFKU's Faculty Employee Handbook.

Section 10.03. Attorney Fees and Costs. If any legal action is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney fees, costs, and necessary disbursements in addition to any other relief to which that party may be entitled. This provision shall be construed as applicable to the entire contract.

Section 10.04. Entire Agreement. This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the employment of Employee by Employer and contains all of the covenants and agreements between the parties with respect to that employment in any manner whatsoever. Each party to this Agreement acknowledges that no representation, inducements, promises, or agreements, orally or otherwise, have been made by any party, or anyone acting on behalf of any party, which are not embodied herein, and that no other agreement, statement, or promise not contained in this Agreement and its addenda shall be valid or binding on either party.

Section 10.05. Modifications. Any modification of this Agreement will be effective only if it is in writing and signed by both parties to the contract.

Section 10.06. Effect of Waiver. The failure of either party to insist on strict compliance with any of the terms, covenants, or conditions of this Agreement by the other party shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any one time or times be deemed a waiver or relinquishment of that right or power for all or any other times.

Section 10.07. Partial Invalidity. If any provision in this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

Section 10.08. Law Governing Agreement. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

Section 10.09. Venue. Venue for any legal action instituted with respect to this Agreement shall be solely in the Contra Costa County Superior Court, or the United States District Court, Northern District of California if any federal question is raised by either Party.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the day and year first written above.

JOHN F. KENNEDY UNIVERSITY

Dr. Steven A. Stargardter, President
John F. Kennedy University

I have read, approved and accepted this terms and conditions of this Employment Agreement:

CORE FACULTY MEMBER EMPLOYEE: Sheila M Addison

# Exhibit B

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

**DFEH #**    **E201011M5452-00**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **ADDISON, SHELIA** | **(510)761-6432** |

ADDRESS

**447 ORANGE STREET, #35**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **OAKLAND, CA 94610** | **ALAMEDA** | **001** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **JOHN F. KENNEDY UNIVERSITY (JFKU)** | **(925)969-3400** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **100 ELLINWOOD WAY** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **PLEASANT HILL, CA 94523** | **CONTRA COSTA** | **013** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE | |
|---|---|---|---|
| **360** | **06/30/2010** | **00** | |

THE PARTICULARS ARE:

**I allege that on about or before 06/30/2010 , the following conduct occurred:**

- _X_ termination
- ___ laid off
- ___ demotion
- ___ harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry

- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- ___ denial of accommodation
- ___ failure to prevent discrimination or retaliation
- _X_ retaliation
- _X_ other (specify) **Termination**

- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

**by**    **JOHN F. KENNEDY UNIVERSITY (JFKU)**

| Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|

**because of :**

- ___ sex
- ___ age
- ___ religion
- ___ race/color

- ___ national origin/ancestry
- ___ marital status
- _X_ sexual orientation
- ___ association

- ___ disability (physical or mental)
- ___ medical condition (cancer or genetic chracteristic
- _X_ other (specify) **Non-conforming to gender norms, protected activity**

- _X_ retaliation for engaging in protected activity or requesting a protected leave or accommodation

**State of what you believe to be the reason(s) for discrimination**

DR. SHELIA ADDISON WAS TERMINATED FROM HER POSITION AS AN ASSISTANT PROFESSOR AT JOHN F. KENNEDY UNIVERSITY (JFKU), EFFECTIVE JUNE 30, 2010, FOR PERFORMING IN A SAN FRANCISCO BASED REVUE WHICH PROVIDES POLITICAL COMMENTARY ON GENDER, SEXUALITY, AND BODY IMAGE STEREOTYPES. JFKU SENT A TERMINATION LETTER TO DR. ADDISON ON JUNE 21, 2010 WHICH STATED THAT HER INVOLVEMENT IN SUCH PERFORMANCES WAS THE BASIS FOR HER DISMISSAL.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

**By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.**

Dated **12/06/2010**

At **San Francisco**

DATE FILED: **12/06/2010**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**DFEH #**      **E201011M5452-00**

DFEH USE ONLY

**State of what you believe to be the reason(s) for discrimination**

DR. SHELIA ADDISON WAS TERMINATED FROM HER POSITION AS AN ASSISTANT PROFESSOR AT JOHN F. KENNEDY UNIVERSITY (JFKU), EFFECTIVE JUNE 30, 2010, FOR PERFORMING IN A SAN FRANCISCO BASED REVUE WHICH PROVIDES POLITICAL COMMENTARY ON GENDER, SEXUALITY, AND BODY IMAGE STEREOTYPES. JFKU SENT A TERMINATION LETTER TO DR. ADDISON ON JUNE 21, 2010 WHICH STATED THAT HER INVOLVEMENT IN SUCH PERFORMANCES WAS THE BASIS FOR HER DISMISSAL.

THE REVUE CONSISTS OF SKITS THAT CHALLENGE STEREOTYPICAL GENDER ROLES AND BODY IMAGES WHILE EXPLORING THE SUBVERSION OF SEXUALITY THROUGH PERFORMANCE ART. DR. ADDISON'S PERFORMANCES HAVE CONTENT RELATED TO HUMAN SEXUALITY AND FEMINIST THEORY.

JFKU'S TERMINATION OF DR. ADDISTON IS ALSO RETALIATION FOR ENGAGING IN THE PROTECTED ACTIVITY OF THE ADVANCEMENT OF RIGHTS AND PROTECTED STATUS OF STUDENTS AND FACULTY MEMBERS UNDER STATE AND FEDERAL LAW.

DR. ADDISON'S TERMINATION ON THESE GROUNDS VIOLATES FEHA, TITLE VII, CALIFORNIA LABOR CODE PROVISIONS INCLUDING SECTION 1102 AS IT CONSTITUTES, INTER ALIA, DISCRIMINATION BASED ON GENDER, SEXUAL ORIENTATION, FAILURE TO CONFORM TO GENDER NORMS, DISCRIMINATION BASED ON PERCEPTION OF THESE THINGS AND DISCRIMINATION FOR ASSOCIATION WITH PEOPLE FAILING OR PERCEIVED TO BE FAILING TO CONFORM TO GENDER NORMS. IT ALSO INFRINGED ON DR. ADDISON'S RIGHT TO ENGAGE IN POLITICAL ACTIVITIES AND COMMUNICATION.

A MALE JFKU PROFESSOR HAS SIMILARLY PERFORMED ON STAGE PARTIALLY DISROBBED. WHILE DR. ADDISON EMBRACES HER CO-WORKERS' RIGHT TO ENGAGE IN SUCH PERFORMANCES, THE DISPARATE TREATMENT OF SIMILARLY SITUATED MALE EMPLOYEES EXEMPLIFIES THE FACT THAT JFKU IS HOLDING MALE AND FEMALE PROFESSORS TO A DIFFERENT STANDARD.



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

Phyllis W. Cheng, Director

1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2986
www.dfeh.ca.gov

December 06, 2010

RE: E201011M5452-00
ADDISON/JOHN F. KENNEDY UNIVERSITY (JFKU)

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

Selena Wong
District Administrator

Enclosure: Complaint of Discrimination
Notice of Case Closure

DFEH-200-06 (01/08)



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    Phyllis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2986
www.dfeh.ca.gov

December 06, 2010

ADDISON, SHELIA
447 ORANGE STREET, #35
OAKLAND, CA 94610

RE: E201011M5452-00
ADDISON/JOHN F. KENNEDY UNIVERSITY (JFKU)

Dear ADDISON, SHELIA:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department
of Fair Employment and Housing (DFEH) has been closed effective December 06, 2010
because an immediate right-to-sue notice was requested. DFEH will take no further action
on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965,
subdivision (b), a civil action may be brought under the provisions of the Fair Employment
and Housing Act against the person, employer, labor organization or employment agency
named in the above-referenced complaint. The civil action must be filed within one year
from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Selena Wong
District Administrator

cc:   Case File

STEVEN STARGARDTER
PRESIDENT
JOHN F. KENNEDY UNIVERSITY
100 ELLINWOOD WAY
PLEASANT HILL, CA 94523

# Exhibit C

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Shella Addison**
447 Orange Street, #35
Oakland, CA 94610

From: **San Francisco District Office**
350 The Embarcadero
Suite 500
San Francisco, CA 94105

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Krystal L. Clark,** | |
| **550-2011-00316** | **Investigator** | **(415) 625-5689** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for **any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Michael Baldonado,**
**District Director**

*12-10-10*
*(Date Mailed)*

cc: **Steven Stargardter**
**President**
**JOHN F. KENNEDY UNIVERSITY**
**100 Ellinwood Way**
**Pleasant Hill, CA 94523**

**Greg Groeneveld, Esq.**
**P. O. Box 455**
**San Francisco, CA 94104**

# Exhibit D



# Labor & Workforce Development Agency

**Secretary**
Victoria L. Bradshaw

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

January 12, 2011                                    **CERTIFIED MAIL**

Greg Groeneveld
The Law Offices of Greg Groeneveld
PO Box 455
San Francisco, CA 94104

RE: Employer:      John F. Kennedy University - Graduate School of
RE: Employee(s): Professional Psychology
                          Sheila Addison
RE: LWDA No:    7343

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked December 8, 2010, and after review,
does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "...civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code." Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

Day Hoffner

Doug Hoffner
Undersecretary

Cc:   John F. Kennedy University - Graduate School of Professional Psychol
        100 Ellinwood Way
        Pleasant Hill, CA 94523